**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Jane Doe

Plaintiff,

v.

Case No.: 1:26−cv−04900
Honorable Steven C. Seeger

Boston Scientific Corporation, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, August 25, 2026:

MINUTE entry before the Honorable Steven C. Seeger: Jane Doe's motion for leave to proceed by pseudonym (Dckt. No. [12]) is hereby denied. There is a strong presumption of openness in litigation. Litigating anonymously requires a showing of exceptional circumstances. "We have repeatedly voiced our disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." See Doe v. Village of Deerfield, 819 F.3d 372, 376−−77 (7th Cir. 2016); see also Doe v. Cook Cnty., 542 F. Supp. 3d 779, 784−85 (N.D. Ill. 2021). A potential reputational injury isn't enough. See Doe v. Loyola Univ. Chi., 100 F.4th 910, 913 (7th Cir. 2024). Here, Jane Doe seeks to proceed anonymously because the complaint alleges a nonconsensual sexual encounter. That type of allegation could give rise to a legitimate need for anonymity, depending on the particulars of the case. But not always. "[E]ven adult victims of sexual assault may be required to name themselves." Doe v. Rosalind Franklin Univ., 685 F. Supp. 3d 684, 687 (N.D. Ill. 2023). Here, Defendants point out that Jane Doe has posted content on social media about her experience, including describing herself as a victim. So the cat is already out of the bag. Jane Doe has shared information about her experience to others, so she cannot claim a need for confidentiality and anonymity in a public courtroom. Plus, there is an asymmetry and an unfairness in accusing Defendant Barcelona of sexual misconduct behind the veil of anonymity. The motion to proceed anonymously is hereby denied. Jane Doe must proceed in her own name, or not at all. This Court will give her two weeks to make that decision. Jane Doe must file an amended complaint within two weeks, if she intends to proceed with this lawsuit. Otherwise, this Court will dismiss the case. If Jane Doe intends to go forward in her own name, then this Court will deny the motion to seal. The joint motion for a protective order (Dckt. No. [47]) is hereby granted. Confidentiality Order to follow. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.